UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| ADRIAN MCGHEE, | ) | |
| | ) | |
| v. | ) | Nos. 1:04-cr-45 /1:07-cv-25 |
| | ) | *Chief Judge Curtis L. Collier* |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |

### MEMORANDUM

Adrian McGhee ("McGhee"), by and through counsel, has filed a motion and supplement requesting post-conviction relief pursuant to 28 U.S.C. § 2255 (Crim. Court File Nos. 49 & 54). McGhee pleaded guilty, without the benefit of a plea agreement, to conspiracy to distribute and possess with intent to distribute more than fifty grams of cocaine base in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A).

It plainly appears from the motion and the records of this case that the movant is not entitled to any relief. Rule 4(b) of the Rules Governing Section 2255 Proceedings in the United States District Courts. The Court concludes an evidentiary hearing is not necessary, and McGhee's § 2255 motion will be **DENIED** for the reasons which follow.

## I.      NON-DISPOSITIVE MOTIONS

McGhee has filed a motion requesting the Court to set this matter for an evidentiary hearing (Crim. Court File No. 55), and a motion for an expedited ruling on his § 2255 request for relief (Crim. Court File No.  63), both of which will be **DENIED** because, as explained below, an evidentiary hearing is not necessary and the § 2255 motion will be denied.

McGhee also requests the Court to require the Clerk of Court to move the § 2255 related

motions and pleadings from the criminal docket to the civil docket. The policy of the Clerk's office docketing § 2255 cases in the criminal case, instead of the civil case, went into effect on December 4, 2006. Since McGhee filed his § 2255 motion on January 27, 2007, his § 2255 case is properly docketed in the criminal case and his motion requesting that his § 2255 documents be moved to the civil case will be **DENIED** (Crim. Court File No. 63).

## II.    STANDARD OF REVIEW

A federal prisoner may file a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his conviction or sentence on the ground that it was imposed in violation of the United States Constitution. This Court must vacate and set aside the conviction or sentence if it finds that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, ...." 28 U.S.C. § 2255.

To obtain relief under § 2255 based on an alleged constitutional error, McGhee bears the burden of establishing an error of constitutional magnitude which had a substantial and injurious effect or influence on the criminal proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993); *Hill v. United States*, 368 U.S. 424, 428 (1962); *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003); *Watson v. United States*, 165 F.3d 486, 488 (6th Cir.1999). To warrant relief under § 2255, McGhee is required to show a fundamental defect in the criminal proceedings which inherently results in a complete miscarriage of justice or an egregious error that rises to the level of

a violation of constitutional due process. *Davis v. United States*, 417 U.S. 333, 346 (1974); *Griffin*,

2

330 F.3d at 736; *Gall v. United States*, 21 F.3d 107, 109 (6th Cir.1994).

When a defendant files a § 2255 motion, he must set forth facts which entitle him to relief. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir.1972); *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir.1961). "Conclusions, not substantiated by allegations of fact with some probability of verity, are not sufficient to warrant a hearing." *Green v. Wingo*, 454 F.2d at 53; *O'Malley*, 285 F.2d at 735 (citations omitted). A motion that merely states general conclusions of law without substantiating allegations with facts, is without legal merit. *Loum v. Underwood*, 262 F.2d 866, 867 (6th Cir.1959); *United States v. Johnson*, 940 F.Supp. 167, 171 (W.D.Tenn.1996). Thus, a motion consisting of mere legal conclusions unsupported by factual allegations is insufficient to warrant an evidentiary hearing or § 2255 relief. *Short v. United States*, 504 F.2d 63 (6th Cir. 1974) ("No hearing is required in a section 2255 proceeding if the motion raises no cognizable claim, if the allegations in the motion are unreasonably vague, conclusory, or incredible, or if the factual matters raised by the motion may be resolved on the record before the district court").

## III.    PROCEDURAL HISTORY

On March 9, 2004, the Grand Jury for the Eastern District of Tennessee, Chattanooga Division, filed a six-count indictment charging Ponnie Mastin, Jr., ("Mastin" or "codefendant") and McGhee with cocaine trafficking offenses. McGhee was charged in four of the six counts. Count One charges that from February 26, 2004, until March 3, 2004, Mastin and McGhee, and others known and unknown to the Grand Jury, conspired to distribute and possess with intent to distribute more than 50 grams of cocaine base, in violation of 21 USC § 846 and 841(b)(1)(A). Count Four charges that on March 1, 2004, Mastin and McGhee distributed more than 5 grams of cocaine base, in violation of 21 USC § 841(a)(1) and (b)(1)(B). Count Five charges that on March 2, 2004, Mastin

and McGhee distributed more than 5 grams of cocaine base in violation of 21 USC 841(a)(1) and (b)(1)(B). Count Six charges that on March 3, 2004, Mastin and McGhee distributed more than 50 grams of cocaine base, in violation of 21 USC § 841(a)(1) and (b)(1)(A).

McGhee pleaded guilty on May 20, 2004, to Count One of the Indictment, without a written plea agreement. McGhee was adjudged guilty, and sentenced to 121 months imprisonment on September 3, 2004. McGhee filed a direct appeal. The United States Court of Appeals for the Sixth Circuit affirmed his conviction and sentence on February 1, 2006 (Crim. Court File No. 47). When a federal criminal defendant pursues a direct appeal to the court of appeals, his judgment of conviction becomes final for § 2255 purposes upon the expiration of the 90-day period in which the defendant could have petitioned for *certiorari* to the Supreme Court, even when no *certiorari* petition has been filed. *Clay v. United States*, 537 U.S. 522, 525 (2003). McGhee timely filed the instant § 2255 motion on January 27, 2007.

## IV. FACTS

The following recitation of the facts is from the Statement of Facts filed by the government:

On February 26, 2004, at approximately 3:59 p.m., a Hamilton County Sheriff's Office Confidential Source ("CS") made a controlled purchase of approximately one gram of crack cocaine for $100 from the defendant's coconspirator, Ponnie Mastin, Jr., in Mastin's bedroom at his residence, located at 1920 Gunbarrel Road, Apartment 1703, Chattanooga, Tennessee 37421. Based on this controlled buy, HCSO Detective Ashburn obtained a state search warrant for the Mastin's apartment.

On March 1, 2004, at approximately 1:00 p.m., CS made a controlled purchase of approximately one ounce of crack cocaine for $1100 from Mastin in the BiLo parking lot located at 6951 Lee Highway, Chattanooga, Tennessee 37421. Immediately prior to delivering the crack to the CS, Mastin met with the defendant, who was in a rental car, in the BiLo parking lot. After Mastin received the money

for the crack, he again met with the defendant in the rental car before the two exited the parking lot.

4

On March 2, 2004, at approximately 2:20 p.m., CS made a controlled purchase of approximately one and half [sic] ounces of crack cocaine for $1600 from Mastin in the parking lot in front of Mastin's apartment, located at 1920 Gunbarrel Road in Chattanooga, TN. Before the transaction, the defendant and Mastin arrived at the apartment complex together. During the transaction, the defendant was on the cell phone with Mastin discussing the weight of the drugs involved. The defendant was parked on the premises during the transaction. After the deal, the defendant and Mastin entered Mastin's apartment.

On March 3, 2004, at approximately 3:45 p.m., CS made a controlled purchase of approximately [] four and a half ounces of crack cocaine for $5000 from Mastin in the parking lot in front of Mastin's apartment, located at 1920 Gunbarrel Road in Chattanooga, TN. Before the transaction, the defendant and Mastin arrived at the apartment complex together. During the transaction, the defendant was monitoring the deal from another position in the parking lot. After the deal, the defendant and Mastin entered Mastin's apartment. They left the apartment a few minutes later. They then saw members of law enforcement and attempted to flee on foot. They were arrested after a short foot chase. The defendant had $2700 of pre-marked "buy" money and a set of digital scales in his possession at the time of his arrest. At this time, law enforcement executed the search warrant on Mastin's residence that had been obtained after the February 26, 2004 buy. In Mastin's bedroom, in a dresser drawer, police found a loaded Kimber .45 caliber semi-automatic handgun. Police also found one quarter ounce of crack cocaine in the kitchen of the residence.

After being Mirandized both defendants waived their rights and gave statements admitting to their participation in the prior drug transactions.

All of the above-described events occurred in the Eastern District of Tennessee.

(Crim. Court File No. 22).

## V. ANALYSIS OF CLAIMS

McGhee alleges seven instances of ineffective assistance of counsel in his § 2255 motion and supplement. In support of this claim, McGhee contends counsel failed to properly advise him as to the impact an unrelated guilty plea entered in Hamilton County Session Court would have on his range of punishment; seek a § 5K1.1 motion;. file a motion to suppress; sufficiently meet with him before the plea and inform him of the steps counsel took to prepare the case; object to the presentence report; and advocate he had a minimum role in the conspiracy. McGhee contends that

5

because counsel rendered ineffective assistance, his plea was unknowingly and involuntarily (Crim. Court File No. 49, 54). In his supplement, McGhee contends counsel failed to challenge a prior uncounseled state conviction which he alleges was improperly used to enhance his sentence. (Crim. Court File No. 54).

### A. Ineffective Assistance of Counsel

To establish ineffective assistance of counsel, McGhee must demonstrate a deficiency by counsel which rendered counsel's assistance objectively unreasonable and demonstrate the deficient performance resulted in prejudice to him. The Supreme Court, in *Strickland v. Washington*, 466 U.S. 668 (1984), established the criteria for determining whether a Sixth Amendment claim of ineffective assistance of counsel is meritorious. The Strickland test requires a defendant to demonstrate two essential elements: (1) counsel's performance was deficient, *i.e.*, below the standard of competence demanded of attorneys in criminal cases; and (2) counsel's deficient performance prejudiced the defense, *i.e.* deprived the defendant of a fair trial rendering the outcome of the trial unreliable. *Id.* at 687-88; *see also Flippins v. United States*, 808 F.2d 16, 17-18 (6th Cir.), *cert. denied*, 481 U.S. 1056 (1987).

Where a Sixth Amendment claim of ineffective assistance of counsel is made in a § 2255 proceeding in the context of a guilty plea, the prejudice prong of the *Strickland* test is adjusted. McGhee is required to allege and show there is a reasonable probability that, but for his counsel's errors and deficient performance, McGhee would not have pleaded guilty, and he would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985). To demonstrate a reasonable probability that he would have gone to trial, a defendant is required to present evidence apart from a lone assertion that but for counsel's error he would have pleaded not guilty and gone to trial. *See*

*Parry v. Rosemeyer*, 64 F.3d 110, 118 (3d Cir.1995) ("A defendant alleging ineffective assistance of counsel in the guilty plea context must make more than a bare allegation that but for counsel's error he would have pleaded not guilty and gone to trial."), *cert. denied*, 516 U.S. 1058 (1996).

The standard by which a court reviews counsel's performance is highly deferential, and there is a strong presumption counsel's conduct was within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689; *Sims v. Livesay*, 970 F.2d 1575, 1579-80 (6th Cir. 1992). "[R]eviewing court[s] must remember that 'counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.'" *Wong v. Money*, 142 F.3d 313, 319 (6th Cir.1998), (quoting *Strickland v. Washington*, 466 U.S. at 690. "An error of counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the [ultimate] judgment." *Id*. at 691.

McGhee's identifies several different instances of alleged ineffective assistance in his § 2255 motion and supplement. Initially, the Court observes that, contrary to the standard identified in *Hill v. Lockhart*, ("[I]n order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." ), McGhee has neither alleged nor demonstrated a reasonable probability that, but for his counsel's errors and deficient performance he would not have pleaded guilty and would have insisted on going to trial on all of the charges against him. Indeed, McGhee does not seek to have the entire plea agreement set aside nor does he deny his involvement with the quantity of drugs for which he was sentenced. Rather, McGhee seeks to keep and retain all of the benefits of his plea agreement that accrued to him, including his three level reduction for acceptance of responsibility, while at the same time he attempts to challenge his role in the offense and prior

criminal history, and have the Court resentence him based on those claims—claims he previously

agreed to withdraw—and his counsel's alleged ineffectiveness. Consequently, McGhee has failed

to demonstrate prejudice in relation to any of his ineffective assistance of counsel claims.

In addition, the burden is on McGhee to prove he is entitled to relief in this § 2255

proceeding. *Owen v. United States*, 660 F.2d 696, 702 (6th Cir. 1981). McGhee has failed to

provide any factual support for any of his claims raised in his § 2255 motion in violation of Rule

2(b) of the Rules Governing Section 2255 Proceedings in the United States District Court.[1]

Therefore, the Court concludes, in addition to failing to demonstrate any prejudice as the result of

counsel's alleged deficient performance, McGhee's factually unsupported allegations are insufficient

to support an evidentiary hearing or a request for relief under § 2255. *See Oliver v. United States*,

961 F.2d 1339, 1343 n. 5 (7th Cir. 1992) ("No hearing is required in a section 2255 proceeding if

the . . . allegations in the motion are unreasonably vague [or] conclusory[.]")

Nevertheless, although McGhee's § 2255 motion does not comport with Rule 2 of the Rules

Governing Section 2255 Proceedings in the United States District Court, the Court will address each

claim, to the extent possible, based on the limited information provided in the motion.

1. *Impact of Unrelated Guilty Plea*

McGhee claims trial counsel was ineffective for failing to advise him as to the impact of an

unrelated guilty plea entered by him in Hamilton County Sessions Court. Specifically, McGhee

"avers that he was not aware of the impact a conviction in the state court would impact [sic] his

range of punishment[.]" (Crim. Court File No. 49).

---

[1]     The Court observes that, albeit factually incorrect, a factual basis was provided for
the new claim raised in McGhee's supplement (Crim. Court File No. 54).

In his supplement to his § 2255 motion, however, McGhee expands on this claim and contends the General Session Court plea to assault was an uncounseled misdemeanor conviction that carried a possible term of imprisonment of 11 months and 29 days, and thus, should not have been used to enhance his sentence (Crim. Court File No. 54). Although McGhee submits the affidavit of complaint from this misdemeanor assault conviction, he failed to submit the complete document which reflects that he waived his right to counsel. Thus, he has failed to submit any credible proof that demonstrates the conviction was improperly counted (Crim. Court File No. 54-2).

Nevertheless, to the extent he claims this conviction should not have been used to enhance his sentence, he is simply incorrect. Paragraph 35 of the PSI pertains to the simple assault conviction which warranted one criminal history point. The PSI reflects that McGhee waived his right to counsel, pled guilty, and was sentenced to 11 months and 29 days suspended to probation. Trial counsel filed an objection to paragraph 35, on the grounds that McGhee believed the conviction had been dismissed. During his sentencing proceeding, counsel withdrew the objection after reviewing the document provided by the probation office which reflected that McGhee was, in fact, convicted and he waived his right to counsel (Crim. Court File No. 45, pp. 3-4). Therefore, this conviction was properly counted under United States Sentencing Guideline ("USSG") § 4A1.1(c).

McGhee also contends that due to counsel's failure to establish the prior conviction was uncounseled, his guideline range was improperly determined (he contends his guidelines should have been 78 to 97 months) and he was denied the benefit of the safety value provisions of USSG § 5C1.2(b), which would have reduced his sentence. McGhee's contentions are simply incorrect.

Assuming for the sake of discussion the prior conviction was not countable for sentencing

9

purposes, McGhee's contention that his sentencing guidelines would have been 78 to 97 is incorrect. McGhee's adjusted offense level was 31 and the deletion of the prior conviction from the calculation would not have affected his adjusted offense level. Consequently, his offense level would have remained at 31 and, under his scenario, his criminal history category would have been I, and his sentencing guidelines would have been 108-135 months.

Also contrary to McGhee's contention, he was not eligible to benefit from the safety valve provisions because there is absolutely no proof in either the criminal record or the § 2255 record, that he met all the criteria to warrant such a benefit. Specifically, there is no proof McGhee "truthfully provided to the Government *all* information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan[.]" § 5C1.2(a)(5) (emphasis added).

In addition, contrary to McGhee's contention that his suspended sentence should not count as a prior sentence, § 4A1.2(a)(3) specifically provides that "[a] conviction for which the imposition or execution of sentence was totally suspended or stayed shall be counted as a prior sentence under § 4A1.1(c) (2003 United States Sentencing Commission Guidelines Manual). In addition, his claim his prior conviction was uncounseled is incorrect because he waived his right to counsel. *See United States v. Farley*, 23 Fed.Appx. 235, 237 (6th Cir. 2001), *available in* 2001 WL 1299250, *2 ("If a defendant knowingly and intelligently waived his or her right to counsel in conjunction with a prior conviction, that conviction is not considered "uncounseled". . ."). Consequently, McGhee is not entitled to any § 2255 relief on his claim his conviction for assault was improperly used to enhance his sentence and this claim will be **DENIED**.

Turning to McGhee's claim that counsel failed to advise him of the impact that a prior

10

conviction would have on his federal sentence, the Court likewise concludes he has failed to state

a claim warranting § 2255 relief. Taking as true McGhee's allegation counsel failed to discuss the

impact of McGhee's prior record with him, McGhee cannot establish any prejudice. The Court

specifically asked McGhee, prior to accepting his guilty plea, whether he spoke with his attorney

about how the sentencing guidelines might apply in his case and he responded "Yes, sir." The

following colloquy occurred during McGhee's rearraignment proceeding:

> THE COURT: Under the Sentencing Reform Act of 1984, the United States Sentencing Commission has issued guidelines for judges to follow in determining the sentence in a criminal case. Have you and your attorney talked about how the sentencing guidelines might apply in your case?
>
> DEFENDANT McGHEE: Yes, sir.
>
> . . .
>
> THE COURT: Do you understand that the Court will not be able to determine the guidelines sentence for your case until after the presentence report has been completed by the United States Probation Office and you and the government have had an opportunity to challenge the facts in the report?
>
> DEFENDANT McGHEE: Yes, sir.
>
> . . .
>
> THE COURT: Do you understand that it is possible that if you have prior convictions those will increase your sentence under the sentencing guidelines?
>
> DEFENDANT McGHEE: Yes, sir.

(Crim. Court File No. 45). Thus, McGhee, while under oath to tell the truth under penalty of

perjury, told the Court he understood it was possible his prior sentences would increase his sentence

under the sentencing guidelines. Therefore, even if counsel did not advise him his sentence may be

increased on the basis of his prior convictions, McGhee cannot establish prejudice because he stated

he knew it was possible his sentence may be increased due to his prior convictions, and the Court

advised him about the potential of his sentence being increased based on his prior convictions.

Therefore, even if counsel failed to inform McGhee of the impact of his prior sentence, he has not proven any prejudice because his conviction was properly counted; McGhee advised the Court he was aware his sentence could be increased due to his prior conviction; the Court informed him the prior conviction could impact his sentence; and he has not alleged nor demonstrated, but for counsel's failure to inform him his prior sentence would impact his sentence, he would not have pleaded guilty and insisted on trying the case.

Accordingly, McGhee is not entitled to § 2255 relief on his claim that trial counsel failed to advise him about the impact of his prior conviction, thus, this claim will be **DENIED**.

  2.  *Counsel Failed to Seek a § 5K1.1 Motion to Reduce McGhee's Sentence*

Next, McGhee claims counsel was ineffective for failing to make "efforts to reduce defendant's exposure in this matter by way of seeking to reduce defendant's total exposure to prison time by way of USSG § 5K1.1" (Crim. Court File No. 49, at 3). The Court concludes this claim does not warrant § 2255 relief for the reasons explained below.

First, McGhee fails to provide any factual support for this claim. McGhee has failed to identify the grounds upon which counsel should have relied to request the government to file a § 5K1.1 motion or detail the assistance he provided to the government. Consequently, McGhee's claim that counsel was ineffective for failing to encourage the government to file a 5K1.1 motion on McGhee's behalf is insufficiently pled because he has failed to provide any factual support as required by Rule 2 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

Second, the decision to request a sentencing departure under § 5K1.1 is within the government's discretion. McGhee does not contend he cooperated with the government and provided substantial assistance. Although the statement of facts reflects that, after being Mirandized, McGhee waived his rights and gave a statement admitting his participation in the drug transactions in February and March of 2004, this admission alone, is insufficient to warrant a § 5K1.1 motion. The government may request a downward departure in sentencing for offenders who provide "substantial assistance" in investigating or prosecuting other criminals. USSG § 5.K1.1. A downward departure for substantial assistance may only be granted on a motion from the government. *Wade v. United States*, 504 U.S. 181, 185 (1992). Consequently, defense counsel was not permitted to file such a motion on McGhee's behalf. The government's refusal to file a motion requesting a court to depart from the guidelines may only be reviewed by a court to determine whether the government's decision was based on unconstitutional motives. *United States v. Hawkins*, 274 F.3d 420, 427 (6th Cir. 2001). The government's refusal to file such a motion may not be reviewed by a court for bad faith. *United States v. Moore*, 225 F.3d 637, 641 (6th Cir. 2000). McGhee does not assert the government's failure to file a § 5K1.1 motion was based on unconstitutional motive; rather, he merely asserts counsel did not seek a downward departure pursuant to § 5K1.1. Even assuming counsel was deficient for failing to try to persuade the government to file a motion, there is no proof McGhee suffered any prejudice as he has failed to demonstrate he provided any assistance to the government that would warrant the filing of a motion pursuant to § 5K1.1. Accordingly, McGhee will be **DENIED** relief on his claim that counsel failed to seek a departure under § 5K1.1 motion on his behalf.

    3.     *Failure to File Motion to Suppress*

McGhee claims counsel failed to attack the manner in which the government obtained evidence against him. The Court presumes McGhee is challenging counsel's failure to file a suppression motion. McGhee has failed to provide any factual support for this claim in violation of Rule 2(c) of the Rules Governing Section 2255 Proceedings for the United States District Court. McGhee does not explain upon what grounds counsel should have filed a suppression motion and the record does not reflect any legitimate grounds for filing such a motion. Even assuming, for the sake of discussion, that counsel was deficient, McGhee has failed to provide any evidence he suffered any prejudice as a result of counsel's failure to file a suppression motion.

In sum, McGhee's factually unsupported claim lacks any credible evidence and therefore, he has neither demonstrated deficient performance on the part of counsel nor any resulting prejudice. Accordingly, in the absence of factual averments supporting McGhee's claim of ineffective assistance of counsel for failing to file a suppression motion, the Court concludes his request for relief under § 2255 will be **DENIED**.

*4.    Counsel's Limited Contact*

McGhee contends he had very limited contact with counsel before the plea and he was unaware of how counsel prepared his case for trial. First, McGhee entered a guilty plea so counsel was not required to prepare for trial. McGhee has failed to provide requisite factual support for his claim, thus dismissal of this claim is warranted.


A § 2255 motion must consist of something more than legal conclusions unsupported by factual allegations. *Short v. United States*, 504 F.2d 63 (6th Cir. 1974). McGhee has failed to provide any factual support for his claim counsel was ineffective because he had limited contact with

14

McGhee, in violation of Rule 2(b) of the Rules Governing Section 2255 Proceedings for the United States District Court. Consequently, absent any factual support, McGhee's allegation counsel was ineffective because they had limited meetings is insufficient to support a request for relief under § 2255. *See Oliver v. United States*, 961 F.2d 1339, 1343 n.5 (7th Cir. 1992) ("No hearing is required in a section 2255 proceeding if the motion raises no cognizable claim, if the allegations in the motion are unreasonably vague, conclusory, or incredible[.]")

Moreover, the Court knows of no case establishing a minimum number of meetings counsel is required to attend with a criminal defendant in order for counsel to provide reasonably effective assistance of counsel. Nor has McGhee directed the Court's attention to any cases constitutionally requiring a minimum number of times counsel must meet with a criminal defendant in preparation of his case. *See United States v. Olson*, 846 F.2d 1103, 1108 (7th Cir.) ( "[A]n experienced attorney 'can get more out of one interview with a client than a neophyte lawyer.'") (quoting *United States ex rel. Kleba v. McGinnis*, 796 F.2d 947, 954 (7th Cir.1986)), *cert denied*, 488 U.S. 850 (1988) . Consequently, regardless of the number of times McGhee met with counsel, the fact that he was provided with a sufficient opportunity to discuss his case is all that is constitutionally required.

The record reflects the Federal Defender Service began representing McGhee on March 4, 2004, and counsel met with him on four occasions prior to the rearraignment. During his rearraignment on May 20, 2004, counsel explained to the Court:

> Your Honor, I've met with Mr. McGhee on four different occasions at the Hamilton County Jail, once on April 27th, once on May 5th, once on May 17th, and once on May 18th. I sat down with his family, also. In all those meetings with Mr.McGhee, and with his family, I've reviewed the discovery with him, I've reviewed the tape involved in this case, I've reviewed the sentencing guidelines with him, potential sentences, any possible defenses on his behalf. I've reviewed the factual basis in this

15

case with him. I've reviewed the indictment charges that were filed against him, Your Honor. And I am satisfied that I've exhausted all possible discussions with Mr. McGhee, Your Honor.

(Crim. Court File No. 44, pp. 6-7). Although McGhee stated he only remembered three meetings, he finally agreed he had sufficient opportunity to discuss his case with his attorney (Crim. Court File No. 44, p. 9).

Consequently, not only has McGhee failed to provide any factual support for his claim that counsel had limited contact and failed to discuss his case with him, the record before the Court reflects counsel met with McGhee on several occasions to discuss his case. Specifically, those discussion included a review of the factual basis, discovery, tape, sentencing guidelines, potential sentences, and possible defenses. Nevertheless, even if the Court assumes counsel was deficient for only meeting with him on three or four occasions, McGhee has not submitted any evidence demonstrating he was prejudiced by the number of meetings counsel attended. Therefore, for all the reasons discussed above, McGhee has failed to demonstrate the number of meetings with counsel and the topics of discussions rendered counsel's performance deficient and he suffered any prejudice. Accordingly, McGhee will be **DENIED** relief on his claim that counsel's limited meetings with him resulted in ineffective assistance of counsel.

5. *Failure to Object to Pre-Sentence Report*

Next, McGhee claims "[c]ounsel did not take steps at sentencing or any other time to object to the pre-sentencing [sic] report on the record despite such indication on the report (Pre-sentencing report at 13). Thus, counsel did not preserve the issue for defendant in his direct appeal." (Crim. Court File No. 49, p. 4) (footnote omitted). The reference to "Pre-sentencing report at 13" is confusing because the Court's copy of the PSI does not have a thirteenth page and paragraph 13

16

contains the factual basis of the indictment.

Nevertheless, once again, McGhee has failed to provide any factual support to his allegation counsel failed to object to the Presentence Investigation Report ("PSI") in violation of Rule 2(b) of the Rules Governing Section 2255 Proceedings for the United States District Court. Moreover, this contention is simply incorrect. The record reflects counsel submitted two objections to the PSI. First, counsel objected to the report's failure to give McGhee a two-level downward adjustment for his alleged minor role in the commission of the offense. Second, he objected to the conviction in paragraph 35 on the grounds that McGhee believed the conviction had been dismissed (PSI, Addendum). During McGhee's sentencing, counsel ultimately withdrew both objections. Counsel withdrew the objection to the conviction after reviewing the document provided by the probation office, which reflected McGhee waived his right to counsel and was convicted,(Crim. Court File No. 45, pp. 3-4). Counsel withdrew the role adjustment objection after it appeared McGhee might actually be eligible for an enhanced role adjustment.

Accordingly, since counsel did file objections to the PSI, McGhee's claim counsel failed to object to the PSI will be **DENIED**.

### 6. Counsel Failed to Argue McGhee Had a Minimum Role

McGhee claims "[c]ounsel did not advocate that defendant had a minimal role in the conspiracy with Mastin. Thus, defendant was left with the Hobson's Choice of the plea arrangement at issue." (Crim. Court File No. 49, p. 4).[2] Once again, not only has McGhee failed to provide any

_____

[2]     Counsel's reference to "the Hobson's Choice of the plea arrangement at issue" is confusing since he is attacking counsel's performance at sentencing in this claim and not his advice regarding entering a guilty plea. *See Mid-Valley Candy Co. v. R.J. Reynolds Tobacco Co.,* 2002 WL 207166, n. 1, *1 (E.D.Pa., Feb. 8, 2002) ("It is reported that Mr. Hobson, the Cambridge carrier, from whom one could supposedly rent a horse, required that his customers take the horse that

17

factual basis for his claim, such as explain why his role was minimum in relation to Mastin's, his claim is simply incorrect.  When the Court asked counsel what objections he had to the PSI, counsel responded:

> MR. MARTINEZ:     As to Paragraph 22 of the presentence report, Mr. McGhee contends that he should receive a two-level downward adjustment for this minor role in the commission of the offense.  It's his position that it was Mr. Mastin who asked him to go to Atlanta to retrieve the crack cocaine in this case, and he did it at Mr. Mastin's request and instructions.  As a result of that, it's his position that he's entitled – or should receive a two-level downward adjustment for minor role, Your Honor.

(Crim. Court File No. 45, p. 3).  Then the following colloquy occurred in resolving the objection:

> MR. PIPER:   Your Honor, I don't know that we would characterize the fact the same way Mr. Martinez does.  I think the only way we can possibly prove this is to call the codefendant, which I'm reluctant to do, Judge.  But I don't believe, even as Mr. Martinez states it as the defendant now frames it, that he's carried his burden that he's entitled to a two-point reduction for minor role.  I think that Mr. Mastin was selling crack cocaine and called Mr. McGhee to get some, not to - -

> THE COURT:        Mr. Mastin called Mr. McGhee to obtain an additional quantity?

> MR. PIPER:   They were - - Yes.  They were together on all the buys.  McGhee supplied the crack to Mr. Mastin.  This defendant supplied the crack to Mr. Mastin.  If anything, I think that this defendant actually has a leadership role as opposed to a minor role.  But we certainly did not ask for that.  Your Honor, what I'm saying is that he's been held accountable for what he's done.  He didn't - - If Mr. Martinez or the defendant is claiming today that this defendant merely is a mule or a gopher for Mr. Mastin, that is not true.  I understand Mr. Martinez's penchant for subtleties in the English language, and I understood what he said, but I think he's saying that Mr. Mastin asked Mr. McGhee to get some crack cocaine.  That's true, but that doesn't

---

happened to be nearest the stable door or go without. *III Oxford English Dictionary* (2nd Ed.1989). American Henry Ford is said to have offered his own "Hobson's choice." In 1914, he offered customers of the Model T a choice-a car "in any color so long as it is black." *www.dictionary.com*.

mean Mr. Mastin is a leader and that Mr. McGhee has a minor role. In fact, Mr. McGhee was Mr. Mastin's source for crack cocaine, is our understanding.

THE COURT: Seems like there is a dispute in the facts, then. Mr. Martinez, I think this is one of those issues where Mr. McGhee bears the burden of demonstrating he's entitled to the role reduction.

MR. MARTINEZ: There is no dispute, Your Honor.

THE COURT: There's not?

MR. MARTINEZ: No, Your Honor. We're agreeing with the facts as outlined by Mr. Piper; that is, what we're saying is that Mr. Mastin called Mr. McGhee and asked him to get the cocaine base. We're not saying that Mr. McGhee was the mule just acting on behalf of Mr. Mastin. All Mr. McGhee is saying is that it was Mr. Mastin that called him first and asked him to get it. And as a result of that, he feels that he should get a minor role adjustment. That's all we're saying. I don't think we're disputing the facts, Your Honor.

THE COURT: What Mr. Piper is saying is that we have a hierarchy here and Mr. Mastin occupies the lower position in the hierarchy, and whenever he needed drugs, he would go to the person above him in the hierarchy, which is Mr. McGhee, to obtain drugs, which would suggest that Mr. McGhee had access to a larger quantity of drugs than Mr. Mastin would. So if Mr. Piper's rendition of the facts is correct, Mr. McGhee could not be entitled to a minor role adjustment; if anything, he might be looking at an aggravated role. That's why I think there may be a dispute in the facts.

MR. MARTINEZ: No, no, there is no dispute on the facts. We're not disputing the facts, Your Honor. We might be disputing the characterization of those facts, but we're not disputing the facts. We're not disputing the fact that Mr. McGhee went to Atlanta, Mr. McGhee retrieved the cocaine base. All Mr. McGhee is saying is that he did it at the request of Mr. Mastin. He's not saying he's a mule, either. He's saying that he only did this because it was at Mr. Mastin's request. And as a result of that, his interpretation of those facts is that he should received a minor role adjustment. That's all he's saying.

THE COURT: I think I'm going to have to hear some evidence on that.

(Off-the-record discussion.)

MR. MARTINEZ: Your Honor, after conferring with Mr. McGhee over the issue, we've decided to withdraw that objection, Your Honor. There are no objections to the application of the guidelines, Your Honor, at this time.

19

(Crim Court File No. 45, pp. 3-7). The Court subsequently concluded the PSI report accurately reflected the facts in the report and correctly stated the sentencing guidelines applicable to McGhee.

Consequently, contrary to McGhee's contention, counsel did advocate that he had a minimal role. However, once McGhee realized the government would put on proof of his actual role and argue he "actually ha[d] a leadership role as opposed to a minor role," and after consulting with his attorney, he decided to withdraw the objection (Crim. Court File No. 45, pp. 4-6). Thus, not only has McGhee failed to factually support his claim with the grounds which qualify him for a minor role and the argument he contends counsel should have made, his claim is simply incorrect because counsel did raise such an objection.

In summary, McGhee cannot show counsel's performance fell below professional standards in this instance, nor can he show but for counsel's errors, he would have gone to trial, since counsel initially objected to the PSI and requested a two-level downward adjustment for his alleged minor role in the commission of the offense. Accordingly, McGhee will be **DENIED** relief on this ground.

7.     *Unknowing and Involuntary Plea Due to Counsel's Ineffectiveness*

McGhee claims "the ineffective assistance of trial counsel, which renders the plea and subsequent sentence voidable in that the plea was unknowingly and involuntarily made as a product of the ineffectiveness assistance of trial counsel in violation of defendant's right to the effective assistance of trial counsel and right to due process of law." (Crim. Court File No. 49).

Once again, McGhee has failed to support his claim with any factual basis. McGhee has not provided any factual support for this claim. Absent any factual support, McGhee's allegations are insufficient to support a request for relief under § 2255. Moreover, contrary to McGhee's allegations, the record reflects, while under oath, McGhee informed the Court he had a sufficient

20

opportunity to discuss all the facts of the case with counsel; was satisfied with counsel's representation; no one forced or threatened him to plead guilty; and he was pleading guilty because he was in fact guilty. (Crim. Court File No. 44). The rearraignment transcript demonstrates McGhee's plea was knowing and voluntary as he repeatedly assured the Court he understood each right he was waiving and that he was entering the guilty plea of his own free will.

"The longstanding test for determining the validity of a guilty plea is 'whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'" *Hill v. Lockhart*, 474 U.S. 52, 56 (1985). The Sixth Circuit has instructed that a defendant's sentence will not be vacated on the ground that the guilty plea was coerced where the defendant was "carefully interrogated by the trial judge with respect to the offense committed," where the defendant was represented by "competent counsel," and where the defendant "discussed the offenses freely and voluntarily and freely admitted guilt, while fully aware of [his] rights." *United States v. Parker*, 292 F.2d 2, 3 (6th Cir.1961); *see also Warner v. United States*, 975 F.2d 1207, 1212 (6th Cir.1992) (A defendant's "decision to lie to the district court cannot amount to prejudice."). "Where the court has scrupulously followed the required procedure, the defendant is bound by his statements in response to the court's inquiry." *United States v. Todaro*, 982 F.2d 1025, 1030 (6th Cir.), *cert. denied*, 508 U.S. 943 (1993), *Baker v. United States*, 781 F.2d 85, 90 (6th

Cir.), *cert. denied*, 479 U.S. 1017 (1986) (quoting *Moore v. Estelle*, 526 F.2d 690, 696-97 (5th Cir.), *cert. denied*, 426 U.S. 953 (1976)).

As the transcript of the rearraignment reflects, the Court scrupulously followed the Rule 11 procedure and McGhee is bound by the sworn statements he made in response to the Courts

inquiry under Rule 11. *Warner v. United States*, 975 F.2d 1207, 1212 (6th Cir.1992), *cert. denied*, 507 U.S. 932 (1993). Therefore, the Court concludes trial counsel was not ineffective and the record supports the Court's finding during McGhee's rearraignment that his guilty plea was knowing and voluntary and supported by an independent basis in fact containing each of the essential elements of the offense. Accordingly, this claim is insufficient to support a request for relief under § 2255 relief and will be **DENIED**.

## VI.   CONCLUSION

Accordingly, McGhee has failed to establish a plausible claim that would warrant an evidentiary hearing. *See United States v. Tarricone*, 996 F.2d 1414, 1417-18 (2nd Cir.1993) (noting that to prevail on a motion for a hearing, petitioner must establish he has a plausible claim). McGhee's claims are meritless. McGhee has generally failed to support his claims with any facts or allegations. Legal conclusions unsupported by factual allegations are insufficient to entitle a petitioner to relief under 28 U.S.C. § 2255. *Blackledge v. Allison*, 431 U.S. 63, 74,(1977); *Machibroda v. United States*, 368 U.S. 487, 495-96, (1962); *Short v. United States*, 504 F.2d 63, 65 (6th Cir.1974). Indeed, when a petitioner files a § 2255 motion, he must set forth facts entitling him to relief. *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir.1961). McGhee fails to assert any factual allegations or offer any evidence to support his allegations. Moreover, even assuming McGhee asserted proper claims, he failed to demonstrate any prejudice. Accordingly, for the reasons set forth above, the Court holds McGhee's conviction and sentence were not in violation of the Constitution or laws of the United States, and the motion and supplement to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 will be **DENIED** (Crim. Court File Nos. 49 & 54).

A separate judgment order will enter.

**/s/**_____
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**